FILED
2012 Jul-19 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CEDRIC D. BURROUGHS, ANGELA BLAKE and EDDIE D. CALDWELL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HONDA MANUFACTURING OF ALABAMA, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:08-cv-01239-VEH <br><br> COLLECTIVE ACTION <br> PURSUANT TO 29 USC §216(b) |

## SECOND AMENDED COMPLAINT

Plaintiffs, CEDRIC D. BURROUGHS, ANGELA BLAKE and EDDIE D. CALDWELL, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant, Honda Manufacturing of Alabama, LLC, (collectively "Honda" or "Defendant"), seek to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1. This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of Honda employed at their plants located in Talladega County, in the state of Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant Honda manufactures automobiles at their plants located in Lincoln, Alabama. The complained of unlawful compensation practices at issue in this Complaint has affected Defendant's present and former employees at this location.

3. Defendant uniformly denies overtime premium pay to its employees by requiring "non-exempt" employees to work off the clock before their shift starts and while on their unpaid meal break. Defendant's deliberate failure to pay these employees for all hours worked and their deliberate failure to pay Plaintiffs overtime compensation as a result violates federal law as set out in the Fair Labor Standards Act. *See* 29 CFR 541.600.

4.     Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay for all hours worked and resulting overtime.

## JURISDICTION AND VENUE

5.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiffs' FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

7.     Defendant maintains its principal places of business in Alabama.

8.     Plaintiffs and potential opt-in plaintiffs are current and former employees who work or have worked at Honda's Lincoln, Alabama plants within the last three years and can be categorized as production employees.

9.     Plaintiffs are residents of and domiciled in the State of Alabama.

10.    Plaintiffs have concurrently filed their Consents to Join pursuant to 29 U.S.C. § 216(b). See Exhibit A.

## **GENERAL ALLEGATIONS**

11.     From March 18, 2008 until present, Plaintiff Cedric D. Burroughs has worked for Defendant and is currently employed as a Production employee in Building 1 of Defendant's Lincoln, Alabama facility. Plaintiff has worked on both day and night shifts.

12.     From March 24, 2004 until recently, Plaintiff Angela Blake worked for Defendant and was currently employed as a Production employee in Building 2 of Defendant's Lincoln, Alabama facility. Plaintiff has worked on both day and night shifts.

13.     From May 20, 2002 until present, Plaintiff Eddie D. Caldwell has worked for Defendant and is currently employed as a Production employee in Building 1 of Defendant's Lincoln, Alabama facility. Plaintiff has worked on both day and night shifts.

14.     Plaintiffs are paid on an hourly basis.

15.     Plaintiffs are required to report to their positions off the clock before the shift start time in order to, among other activities, set up their work areas, calibrate equipment, graph calibration results, etc. These activities are again performed off the clock during Plaintiffs' unpaid meal period.

16. Under Defendant's method of recording time, Plaintiffs were paid for a twelve hour shift regardless of the hours actually punched and, as a result, were not compensated time and one-half for all hours worked over forty (40).

17. In addition to depriving Plaintiffs and others similarly situated of overtime wages, Defendant's failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay in excess of the hours clocked on their time sheet.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> ***All current and former Production employees paid under a compensation system where employees were not compensated for all hours worked pre-shift and or while on unpaid meal break and, as a result, were not paid overtime at the rate of time and one- half for all hours worked over forty (40).***

19. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked, practice of miscalculating the overtime rates in weeks where bonuses were paid, and failing to pay employees for all hours worked, including overtime compensation.

21. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action. 22. Potential collective action members may be informed of the pendency of this class action through direct mail and plant posting. Plaintiffs believe 90 plus employees may have been affected.

23. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Plaintiffs were compensated for all hours worked;

    b) Whether Plaintiffs worked more than forty hours per week;

    c) Whether Plaintiffs were compensated time and one half their "regular rate" for all hours worked over forty in any and all weeks;

  d) Whether Defendant's practices accurately account for the time Plaintiffs actually are working;

  e) Whether Defendants' compensation policy and practice is illegal; and

  f) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for overtime; and

24. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

25. The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

26. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

27. The Collective Action Representatives are adequate representatives of similarly situated current and former employees because they are employees of the same entity and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex collective action lawsuits. Furthermore, employees are interchangeable as production needs dictate and as a result they are all similar regardless of title or supervisor.

28. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

## Violation of the Fair Labor Standards Act of 1938

## (Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)

29. Plaintiffs reassert and incorporate by reference paragraphs 1 - 28 as set forth above as if fully restated herein.

30. At all material times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

31. The individually named Plaintiffs and all similarly situated employees are victims of a uniform and company wide compensation policy and practice, in violation of the FLSA.

32. Defendant violated the FLSA by failing to pay overtime compensation.

33. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

35. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions

9

apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

36. Defendant's failure to accurately pay overtime was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

37. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

38. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

39.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a.      At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Honda employees, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive overtime for hours worked in excess of 40 in a week.

b.      Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c.      Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all

11

time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

  d. Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

  e. Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

  f. Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury under Alabama and Federal law.

Dated: December 8, 2008    Respectfully submitted,

              /s/ Robert J. Camp
              **THE COCHRAN FIRM, P.C.**
              505 20th Street North, Suite 825
              Birmingham, AL 35203
              (205) 244-1115 – Phone
              (205) 244-1171 – Facsimile
              rcamp@cochranfirm.com

– and –

J. Allen Schreiber
P. Mark Petro
**SCHREIBER & PETRO, P.C.**
301 19th Street North, Suite 580
Birmingham, AL 35203
(205) 871-5080 – Phone
(205) 879-6960 – Facsimile

*Attorneys for Plaintiffs*

# PLAINTIFF'S EXHIBIT A

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO: CLERK OF THE COURT AND COUNSEL OF RECORD

__Cedric D. Burroughs__ states the following:
[Print Name]

1. I am over 18 years of age and competent to give the following consent in this matter.
2. I am currently, or was formerly, employed by Honda Mfg. of Alabama, LLC [Employer] at the facility located in Lincoln, Alabama. I worked at this location from __5/18/02__ [Date] to __Present__ [Date, or if still working write "present"].
3. I understand that this suit is being brought to recover unpaid compensation and overtime related to off the clock. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.
4. I believe I have not been paid for all compensable time which I have worked, including overtime.
5. I hereby consent and agree to be a plaintiff in this lawsuit or any other lawsuit arising out of this litigation. I agree to be bound by any decision or settlement of my case.

I understand that this suit may be brought as a collective action covering employees of Defendant. If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit and if need be, consent to be a named plaintiff.

I swear or affirm that the foregoing Statements are true to the best of my knowledge.

DATED the __3__ day of __June__, 2008

__Cedric D. Burroughs__          __Cedric D Burroughs__
[PRINT NAME]                         [SIGN NAME]



## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO:  CLERK OF THE COURT AND COUNSEL OF RECORD

Eddie D. Caldwell [Print Name] states the following:

1. I am over 18 years of age and competent to give the following consent in this matter.
2. I am currently, or was formerly, employed by Honda Mfg. of Alabama, LLC [Employer] at the facility located in Lincoln, Alabama [City/State]. I worked at this location from 5/30/02 5/13/2008 [Date] to PRESENT [Date, or if still working write "present"].
3. I understand that this suit is being brought to recover unpaid compensation and overtime related to off the clock. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.
4. I believe I have not been paid for all compensable time which I have worked, including overtime.
5. I hereby consent and agree to be a plaintiff in this lawsuit or any other lawsuit arising out of this litigation. I agree to be bound by any decision or settlement of my case.

I understand that this suit may be brought as a collective action covering employees of Defendant. If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit and if need be, consent to be a named plaintiff.

I swear or affirm that the foregoing Statements are true to the best of my knowledge.

DATED the 13 day of MAY, 2008

EDDIE D. CALDWELL      Eddie D. Caldwell
[PRINT NAME]           [SIGN NAME]



## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO: CLERK OF THE COURT AND COUNSEL OF RECORD

__Angela Blake__ states the following:
[Print Name]

1. I am over 18 years of age and competent to give the following consent in this matter.

2. I am currently, or was formerly, employed by __Honda Mfg. of Alabama__ [Employer] at the facility located in __Lincoln, AL__ [City/State]. I worked at this location from __03/24/2004__ [Date] to __Present__ [Date, or if still working write "present"].

3. I understand that this suit is being brought to recover unpaid compensation and overtime. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4. I believe I have not been paid for all compensable time which I have worked, including overtime.

5. I hereby consent and agree to be a plaintiff in this lawsuit and to be bound by any decision in this lawsuit or by any settlement of this case.

I understand that this suit may be brought as a collective action covering employees of Defendant. If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit.

I swear or affirm that the foregoing Statements are true to the best of my knowledge.

DATED the __11__ day of __April__, 2008

__Angela L. Blake__           __Angela L. Blake__
[PRINT NAME]                   [SIGN NAME]

_____        _____
[PRINT STREET ADDRESS]        [PRINT CITY, STATE, ZIP CODE]

_____        _____
[PRINT CELL PHONE NUMBER]     [PRINT HOME PHONE NUMBER]